UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SON HUI GAGNON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-324RM |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Son Hui Gagnon sues her former employer, the United States Postal Service, alleging she was discriminated against because of her race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964.[1] The defendant seeks summary judgment and, for the reasons that follow, the court grants his motion.

FACTS

The following facts are taken from the summary judgment record, and are viewed as favorably to Ms. Gagnon as is reasonable. Ms. Gagnon became employed with the United States Postal Service as a distribution window clerk in 1988; her employment was terminated in May 2004. She filed a formal EEO complaint in August alleging her termination was discriminatory.

---

[1] Ms. Gagnon's complaint also alleges a violation of her free speech rights under the First and Fourteenth Amendments to the United States Constitution, but her response to the defendant's summary judgment motion indicates she concedes this claim.

Upon completion of its investigation, the EEO issued Ms. Gagnon a transmittal of investigative file which provided in part:

> You are hereby given the opportunity to request a hearing before an Administrative Judge appointed by the Equal Employment Opportunity Commission (EEOC) within thirty (30) calendar days of the date you receive this notice, or you may request a final agency decision without a hearing.
> If you fail affirmatively to make a choice between the two options, the Postal Service will issue a final agency decision. Should you choose not to pursue this complaint, you may sign and date the enclosed PS Form 2564-C and return it to me.

The parties dispute Ms. Gagnon's options as provided by the above language. She says that "if [she] chose not to pursue a hearing before the EEOC, she was advised to file a PS Form 2564-C ... [which is] a voluntary withdrawal of complaint of discrimination..." The defendant says Ms. Gagnon had three options: (1) request a final agency decision — by affirmatively requesting such a decision or by failing to elect between a final agency decision and a hearing, (2) continue the administrative process by requesting a hearing before an administrative judge, or (3) withdrawal her EEO complaint by submitting a PS Form 2564-C.

Ms. Gagnon elected to have a hearing before an administrative judge. She sent a request for hearing form to the senior EEO complaints investigator and her complaint was assigned to Administrative Judge Davidson Momah. Judge Momah issued an acknowledgment and scheduling order, and set a telephonic settlement conference for February 18, 2005.

After an unsuccessful attempt at conciliation, Ms. Gagnon submitted a PS Form-2565-A which provides in part:

2

> I Son Hui Gagnon, do hereby voluntarily withdraw my formal complaint in its entirety. I fully understand that by withdrawing the complain (sic) or the allegation(s) I have withdrawn, I waive my rights to any further appeal through the EEO process. I further stipulate that my withdrawal did not result from any threat, coercion, intimidation, promise, or inducement.

Based upon Ms. Gagnon's request to withdraw, Administrative Judge Momah dismissed her EEOC case.[2] Mr. Gagnon filed a complaint in this court on May 31, 2005.

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the

---

[2] The parties dispute the form Ms. Gagnon submitted. Ms. Gagnon says she submitted a PS Form 2564-C, but attached to her response to summary judgment as exhibit 6 is a form signed by Ms. Gagnon, which is identified as PS Form 2565-A. PS Form 2565-A wasn't mentioned nor supplied to her in the transmittal of investigative file. The pertinent difference between the two forms is that PS Form 2564-C gives the complainant the option of withdrawing her complaint in the entirety or only specific allegations. PS Form 2565-A, like PS Form 2564-C, contains language acknowledging the waiver of any further appeal through the EEO process. This dispute doesn't preclude the entry of summary judgment.

nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the non-movant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events") (quoting Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

The Postmaster General claims judgment as a matter of law on Ms. Gagnon's claim since she failed to exhaust her administrative remedies. The exhaustion of administrative remedies is not a jurisdictional requirement for bringing a Title VII claim in federal court, Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000), but federal employees asserting Title VII claims generally must exhaust their administrative remedies before filing a civil action. Hill v. Potter, 352 F.3d 1142, 1145 (7th Cir. 2003). Ms. Gagnon must receive a final agency decision before filing suit in this court. 29 C.F.R. § 1614.407

Ms. Gagnon doesn't deny that she didn't receive a final agency decision. She argues instead that: (1) she initiated her administrative remedies, so a voluntary withdrawal from that process doesn't doom her civil action for failure to exhaust

4

and (2) her request for withdrawal was in essence a request for the issuance of a final agency decision, which the EEOC didn't issue, estopping the Postmaster General from arguing she failed to exhaust her administrative remedies. The court doesn't agree.

Ms. Gagnon says her voluntary withdraw from the administrative process isn't fatal to her complaint, and in support of her argument she cites Bohac v. West, 85 F.3d 306, 310 (7th Cir. 1996), and Adler v. Espy, 35 F.3d 263, 264-265 (7th Cir. 1994), for the proposition that the court of appeals no longer requires administrative remedies, once begun, to be exhausted before filing suit. Her reliance is misplaced. Both Bohac v. West and Adler v. Espy involved claims under the ADEA, and administrative remedies under the ADEA, unlike under Title VII, are entirely optional. *See* 29 U.S.C. § 633a. The court of appeals has reasoned that when the administrative route is volitional, the dismissal of a complaint for abandoning the administrative process is an "awfully harsh sanction for what amounts to becoming impatient with the snail-like progress of an administrative proceeding to remedy employment discrimination." Adler v. Espy 35 F.3d at 264-265. Abandonment under the ADEA therefore doesn't bar a subsequent civil suit. Id.

No corresponding provision of Title VII allows plaintiffs the option of by-passing administrative review, so the reasons for not allowing parties to abandon their claims during the administrative process still apply. *See, e.g.,* Stevens v. Department of Treasury, 500 U.S. 1, 10 (1991) (Stevens, J., dissenting); *see also*

5

Hill v. Potter, 352 F.3d at 1145. If "plaintiffs could sue before [a final agency decision] the time of the courts and of lawyers would be wasted with cases that ended up being resolved … at the administrative level." Hill v. Potter, 352 F.3d at 1145. The court in Hill v. Potter went on to cite Purtill v. Harris, 658 F.2d 134, 138 (3rd Cir. 1981), which echoes this concern when dealing with a Title VII claim:

> Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient complainant could take his claim to court and abort the administrative proceedings. Moreover, such a course would unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation and conciliation. Absent an indication of contrary congressional intent, we will not countenance circumventing the administrative process in this manner.

In light of the differences between the administrative process under Title VII and the ADEA, and the prudential reasons for requiring parties to exhaust their administrative remedies, a plaintiff who has voluntarily abandoned her claim cannot file a suit in district court under Title VII. *See, e.g.* Tolbert v. U.S., 916 F.2d 245, 248-249 (5th Cir. 1990); Wade v. Secretary of Army, 796 F.2d 1369, 1376-1378 (11th Cir. 1986); Purtill v. Harris, 658 F.2d at 138; Davis v. Potter, 301 F. Supp.2d 850, 860 (N.D. Ill. 2004).

Still, Ms. Gagnon says the Postmaster General is estopped from arguing she has failed to exhaust her administrative remedies since her withdrawal was a request for a final agency decision that wasn't honored. The court cannot agree.

"The requirement that a federal employee exhaust available administrative remedies in a timely fashion is subject to the doctrines of waiver, estoppel and

6

equitable tolling." Ester v. Principi, 250 F.3d 1068, 1071 (7th Cir. 2001). Equitable estoppel against the government, however, is disfavored, and is rarely successful since"[i]n addition to the four elements that must be satisfied to invoke estoppel against a private party, equitable estoppel against the government requires a fifth: that the government has engaged in 'affirmative misconduct.' " Gibson v. West, 201 F.3d at 994. The government's failure to discharge an "affirmative obligation" is not the same as engaging in "affirmative misconduct." Edgewater Hosp., Inc. v. Bowen, 857 F.2d 1123, 1138 n.8 (7th Cir. 1988).  This means Ms. Gagnon must show more than mere negligence; she must point to evidence of an affirmative act meant to misrepresent or mislead. Gibson v. West, 201 F.3d 994. She hasn't done this.

Even if the court were to accept Ms. Gagnon's interpretation of the PS Form 2565 A — that it is a request for a final agency decision — that the agency didn't issue a final agency decision or send a right to sue letter doesn't amount to affirmative misconduct. *See, e.g.,* Lewis v. Washington, 300 F.3d 829, 835 (7th Cir. 2002) (court found prison officials' failure to respond to prisoner's grievances and requests amounted to a failure to discharge an affirmative obligation and not affirmative misconduct). Mr. Potter isn't estopped from asserting failure to exhaust administrative remedies as a defense to Ms. Gagnon's suit.

Ms. Gagnon also seeks leave to submit additional authority. The Postmaster General objects to the court's consideration of her new argument, but because the

7

Postmaster General still is entitled to judgment as a matter of law, the court grants Ms. Gagnon's motion for leave to submit additional authority.

Ms. Gagnon says Administrative Judge Momah's order was a dismissal under 29 C.F.R. § 1614.109(b), so the agency was required to enter a final agency decision. *See* 29 C.F.R. § 1614.110(a). When the EEOC didn't take final action, Judge Momha's decision became a final action of the agency, 29 C.F.R. § 1614.109(i), so she is not barred from bringing suit. The court cannot agree.

Ms. Gagnon's complaint was dismissed without reaching its merits because she withdrew from the administrative process. To interpret a dismissal not based upon the merits as triggering a final agency decision, and thus allowing a party to sue in district court, would contravene the purpose of requiring exhaustion.

Exhaustion protects administrative agency authority by giving an agency the opportunity to correct its own mistakes before it is dragged into federal court, it discourages disregard of the agency's procedures, and it promotes efficiency since claims generally can be resolved much more quickly and economically. Woodford v. Ngo,--- S.Ct. ----, 2006 WL 1698937, * 5 (2006). When an agency doesn't reach the merits of a complaint because of the complainant's failure to prosecute or withdrawal of the complaint, a district court should not bypass the administrative process and reach the merits; to do so would be to reward a party who obstructed this process. Johnson v. Berglang, 614 F.2d 415, 417 (5th Cir. 1980); *see also* Woodford v. Ngo, at * 5 (proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly

8

so that the agency addresses the issues on the merits"); Wilson v. Pena, 79 F.3d 154, 164-165 (C.A. D.C. 1996) ("[e]ven though the dismissal is "final action," which would normally trigger the right to sue ..., [a] suit will be barred for failure to exhaust administrative remedies ... [i]f a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim ..."); Davis v. Potter, 301 F. Supp.2d 850, 860 (N.D. Ill. 2004). Because Ms. Gagnon's own actions forced the agency to cancel the complaint before it could reach the merits, she may not now file a judicial suit. *See, e.g.,* Davis v. Potter, 301 F. Supp. 2d at 860.

CONCLUSION

For the foregoing reasons, the defendant's summary judgment motion [Doc. No. 19] is GRANTED. The court also GRANTS the plaintiff's motion for leave to submit additional authority [Doc No. 21]. The clerk shall enter judgment accordingly.

SO ORDERED.

Entered:  July 19, 2006

                                           /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court